Argued and submitted April 30, affirmed September 29,
reconsideration denied November 10, 1982,
petition for review denied January 18, 1983 (294 Or 460)

## NORTHEAST NEIGHBORHOOD ASSOCIATION et al,
*Petitioners,*

*v.*

## CITY OF SALEM et al,
*Respondents.*

### (LUBA No. 81-038, CA A22898)

651 P2d 193

Ellen E. Johnson, Portland, argued the cause for petitioners. With her on the brief was Dan F. Olsen, Portland.

Jeannette M. Launer, Assistant City Attorney, Salem, argued the cause for respondent City of Salem. With her on the brief was William J. Juza, City Attorney, Salem.

Kris Jon Gorsuch, Salem, argued the cause for respondent First Church of the Nazarene. With him on the brief were Daniel A. Ritter, and Harland, Ritter, Saalfeld & Griggs, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Petitioners seek judicial review of a determination by the Land Use Board of Appeals (LUBA) that approval of an application by respondent church to enlarge its sanctuary in a residential district in Salem was permitted under an ordinance governing nonconforming uses, without requiring a conditional use permit for the expansion. LUBA remanded the case to the city for further findings concerning variances to the city's setback requirements for additional parking lots to accommodate the expansion. Respondents do not cross-appeal from that remand.

Petitioners make eight assignments of error that focus on claimed procedural and substantive irregularities in the city's actions. Five of them are incorrectly directed to the city's actions rather than to LUBA's resolution of the issues before it. *See* ORAP 7.19. Notwithstanding that imprecision, we perceive two basic issues raised in this appeal: whether the expansion was permissible without a conditional use permit; and whether LUBA erred in concluding that petitioners received a fair and impartial hearing.

Under the zoning code in effect before 1968, a church (and presumably any expansion thereof) was a permitted use in a single family residential zone. The revised code made establishment of a new church a conditional use in residential neighborhoods, requiring a conditional use permit. Existing churches become nonconforming uses. The Salem Revised Code (SRC) contains the following provision:

> "114.030. * * * Any educational institution, elementary or high school, or church, the erection or establishment whereof, under the provisions of this ordinance is not permitted in the district where located, may, like other nonconforming uses, continue, and may be altered and enlarged and additional buildings erected upon the same premises for the same purposes, provided all other applicable regulations contained in this ordinance are complied with. The provisions of this section shall likewise apply to schools and churches which may be erected or established in a district by variance or conditional use."

This provision is an exception to the general rule in SRC 114.010 that other nonconforming uses cannot be enlarged.

LUBA relied on this provision in concluding that no conditional use permit was required for the nonconforming use expansion. Although the city had treated the church's application as one for a conditional use permit,[1] we think LUBA's resolution of the question is reasonable. The city in its brief agrees that the ordinances can be construed to allow the proposed expansion without conditional use approval. Given that reasonable construction, to which the city accedes, we are not persuaded that LUBA erred in determining that no conditional use permit was required under the ordinance for expansion of the sanctuary.

Because the church was a permitted use, the expansion of which did not require compliance with conditional use procedures, including that of a public hearing, it follows that petitioners' contentions concerning the impartiality of the hearing already held are moot.

Affirmed.

---

[1] In the course of the hearing, the church did contend that no conditional use permit was required for the expansion, and the hearing officer noted that were it not for parking facilities, no conditional use permit would be required. It later transpired that a conditional use permit was not required for the parking lots, because they would be placed within 200 feet of the church. Setbacks to accommodate more parked cars did require variances, however, and that is the subject of LUBA's remand.